UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLLEEN NUTTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KANSAS STATE UNIVERSITY, *et al.*, <br><br> Defendants. | CASE NO. C05-1910L <br><br> ORDER TO SHOW CAUSE |

Plaintiff Colleen Nutter is proceeding *pro se* in the above-captioned matter.[1] She has filed an action in the District Court of Kansas, as well as five other *pro se* actions in this district, all arising out of her withdrawal from Kansas State University in 1986. See Nutter v. Wefald, C90-1436SAC (D. Kan.); Nutter v. Jorden, C94-0750WLD (W.D. Wash.); Nutter v. Kansas State Univ., C99-1785TSZ (W.D. Wash.); Nutter v. Banks, C04-1559MJP (W.D. Wash.); Nutter v. Banks, C04-1680JCC (W.D. Wash.); Nutter v. Kansas State Univ., C05-0640MJP (W.D. Wash.). The District Court of Kansas ultimately dismissed plaintiff's claims on summary judgment and was affirmed on appeal. See Nutter v. Wefald, 1992 WL 331292 (D. Kan. 1992),

---

[1] Virena M. Nutter is identified as a plaintiff in the original and amended complaints filed in this matter, but only Colleen Nutter signed those documents. Colleen Nutter is not a lawyer and may not represent Virena M. Nutter in this matter.

ORDER TO SHOW CAUSE – 1

aff'd, 1 F.3d 1249 (10th Cir. 1993). With the exception of Nutter v. Jorden, C04-0750WLD, all of the cases filed in this district have been dismissed on *res judicata* and/or statute of limitations grounds.[2] In the present action, plaintiff Colleen Nutter has again filed suit against the Kansas State University, a number of its staff and faculty, an employee of the United States Department of Education, and an employee of the Kansas Commission on Civil Rights alleging many of the same causes of action raised in her earlier complaints. All of the newly-asserted claims arise out of the same transactional nucleus of facts that were before the District Court of Kansas and either were, or should have been, litigated in that prior suit.

This matter comes before the Court *sua sponte*, upon a review of the records in plaintiff's *pro se* actions. That review suggests that Colleen Nutter has committed litigation misconduct by filing numerous frivolous actions motivated by an improper purpose, namely harassment. The cases filed in this district have placed a significant burden on this court and, given that plaintiff has filed four actions in the past two years, there is no reason to believe that plaintiff will discontinue her frivolous and meritless filings without court intervention.

## FRIVOLOUSNESS

Plaintiff Colleen Nutter has unsuccessfully sued individuals and entities involved in her 1986 withdrawal from Kansas State University over the course of fifteen years and in two separate judicial districts. Most of these actions, four to date, have been dismissed on res judicata and/or statute of limitations grounds. In 2000, the Honorable Thomas S. Zilly reviewed the procedural and substantive history of plaintiff's litigation before the District Court of Kansas and found that:

> Because plaintiff's claims arise out of the same transactional nucleus of facts based on events at KSU during 1985 and 1986, and because the claims were previously adjudicated on the merits before a court of competent jurisdiction, the claims are barred by res judicata. . . . Because nine [now fifteen] years have passed, the applicable statutes of limitations have run on plaintiff's

---

[2] Nutter v. Jorden, C94-0750, was dismissed for lack of jurisdiction and improper venue.

ORDER TO SHOW CAUSE – 2

claims. An action upon a written contract is governed by a six year statute of limitations. See Wash. Rev. Code § 4.16.040 (1999). An action for relief on grounds of fraud is three years. See Wash. Rev. Code § 4.16.080 (1999). Civil rights claims are likewise governed by RCW 4.16.080 and its three year statute of limitations. Rose v. Rinaldi, 654 F.2d 546 ([9th Cir.] 1981). Conspiracy to defraud the government under 18 U.S.C.[] § 371 is governed by a five year statute of limitation. See 18 U.S.C.[] § 3282.

Nutter v. Kansas State Univ., C99-1785TSZ (W.D. Wash., Jan. 31, 2000) (Dkt. # 13 at 5-7). After having lost actions in both the District of Kansas and the Western District of Washington, plaintiff was on notice that any further attempts to hold defendants' liable for her 1986 withdrawal from the Kansas State University would be fruitless. Nevertheless, plaintiff Colleen Nutter filed four more actions based on the same conduct and events. Each of these four actions was frivolous: indeed, three of them have already been dismissed with prejudice based on Judge Zilly's decision.

The above-captioned matter is a further example of the frivolity of plaintiff Colleen Nutter's litigation. Once again, plaintiff has alleged defamation, a failure to investigate, illegal contracts, and constitutional claims against defendants. See Amended Complaint (Dkt. # 2). All of these claims arise out of the same transactional nucleus of facts that gave rise to the District of Kansas litigation and Judge Zilly's decision. In addition, all of the claims are barred by the applicable statutes of limitation. Plaintiff Colleen Nutter's claims are, therefore, frivolous.

## IMPROPER PURPOSE

It is obvious to this Court that Colleen Nutter is using her frivolous litigation as a tool of harassment directed at anyone and everyone involved in her withdrawal from Kansas State University in the mid-1980s. That purpose can be inferred from the defendants she has named, the allegations she has raised, and her blank refusal to conform her conduct to the clear and binding determinations of the reviewing courts. Having been told that all grounds for recovery against defendants arising out of her withdrawal, whether asserted in the Kansas litigation or not, are barred on at least two grounds, the only plausible explanation for plaintiff's continued

ORDER TO SHOW CAUSE – 3

attempts to assert claims against defendants is an improper purpose to harass.

## PROPOSED SANCTIONS

Litigation misconduct is sanctionable under the Court's inherent powers, General Rule 3(d), and Fed. R. Civ. P. 11. See Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The Court has the inherent authority "to sanction a party . . . if it acts in 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' as well as for 'willful[ ] abuse [of the] judicial processes.'" Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)). The Court has authority under Local General Rule 3(d) to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . ., or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously." GR 3(d); Cf. 28 U.S.C. § 1927. Rule 11 also provides a basis for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997). When faced with litigation abuses by a *pro se* party, a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*." Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

The sanctions that may be imposed under any or all of the above authorities include monetary sanctions and/or the imposition of a standing bar order that limits plaintiff's abilities to file future actions *pro se*. The Court is contemplating monetary sanctions of $250 against Colleen Nutter for each of the four frivolous actions filed since Judge Zilly issued his opinion on January 31, 2000. That would amount to a sanction of $1,000. Because such monetary sanctions alone will probably be insufficient to deter further misconduct by Colleen Nutter (she has been able to fund a substantial amount of litigation and has as yet been undeterred by her litigation failures), the Court is also considering a standing bar order which would subject her future *pro se* actions to special review procedures.

ORDER TO SHOW CAUSE – 4

In light of the foregoing, plaintiff Colleen Nutter shall be given an opportunity to respond and show cause why the above-captioned matter, C05-1910L, should not be dismissed and why monetary sanctions and a standing bar order should not be imposed against her.  It is therefore ORDERED that:

(1)  Within twenty days from the date of this Order, plaintiff Colleen Nutter shall show cause why this case should not be dismissed as frivolous and/or why sanctions should not be imposed.

(2)  In aid of its jurisdiction over this matter and in an attempt to prevent further instances of litigation misconduct by plaintiff Colleen Nutter while this matter is resolved, until further order of the Court, any *pro se* complaints/petitions submitted by Colleen Nutter for filing in this district shall be subject to review by the undersigned prior to issuance of summons or service of process.[3]  See 28 U.S.C. § 1651; and

(3) All motions currently pending or subsequently filed in the above-captioned matters are hereby stayed until further order of the Court.

The Clerk of Court is directed to place this Order to Show Cause on the Court's calendar for December 23, 2005.

DATED this 29th day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Except in cases where Colleen Nutter is represented by an attorney licensed to practice law in this district, any new action submitted for filing shall be accompanied by a separate affidavit stating whether any claim raised in the new complaint has been asserted in a prior action, with appropriate citations to any such prior cases.  If the assigned court determines that plaintiff has failed to submit the required affidavit or that good cause to permit the action to proceed based on the claims raised in the complaint/petition does not exist, the action will be dismissed *sua sponte* without further notice.