UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLLEEN NUTTER, *et al.*, | |
| Plaintiffs, | CASE NO. C05-1910L |
| v. | ORDER OF DISMISSAL |
| KANSAS STATE UNIVERSITY, *et al.*, | |
| Defendants. | |

Plaintiff Colleen Nutter is proceeding *pro se* in the above-captioned matter. She has filed an action in the District Court of Kansas, as well as five other *pro se* actions in this district, all arising out of her withdrawal from Kansas State University in 1986. See Nutter v. Wefald, C90-1436SAC (D. Kan.); Nutter v. Jorden, C94-0750WLD (W.D. Wash.); Nutter v. Kansas State Univ., C99-1785TSZ (W.D. Wash.); Nutter v. Banks, C04-1559MJP (W.D. Wash.); Nutter v. Banks, C04-1680JCC (W.D. Wash.); Nutter v. Kansas State Univ., C05-0640MJP (W.D. Wash.). As discussed in the Court's Order to Show Cause, dated November 29, 2005, all of plaintiff's previous causes of action have been dismissed on the merits or on *res judicata*/statute of limitations grounds.

In the present action, plaintiff Colleen Nutter has again filed suit against the Kansas State University, a number of its staff and faculty, an employee of the United States

ORDER OF DISMISSAL – 1

Department of Education, and an employee of the Kansas Commission on Civil Rights alleging many of the same causes of action raised in her earlier complaints. All of the newly-asserted claims arise out of the same transactional nucleus of facts that were before the District Court of Kansas and either were, or should have been, litigated in that prior suit. In addition (and as explained by Judge Zilly in <u>Nutter v. Kansas State Univ.</u>, C99-1785TSZ (W.D. Wash., Jan. 31, 2000)), all of plaintiff's claims are also barred by the applicable statutes of limitation. Plaintiff was therefore ordered to show cause why the above-captioned matter should not be dismissed and why monetary sanctions and a standing bar order should not be imposed against her.

Ms. Nutter's "Reply to Order to Show Cause,'" filed on December 20, 2005, shows a fundamental misunderstanding regarding the nature of her claims and the doctrine of *res judicata*. Contrary to plaintiff's unsupported assertion, she has no cause of action directly under the United States Constitution: a litigant complaining of a constitutional violation must utilize Section 1983 and is therefore subject to the applicable three-year limitations period. <u>See</u>, <u>e.g.</u>, <u>Azul-Pacifico, Inc. v. City of Los Angeles</u>, 973 F.2d 704, 705 (9th Cir. 1992). Nor is the doctrine of *res judicata* limited to those instances in which claims have been tried to a jury. A final judgment from a court of competent jurisdiction, whether entered after a full trial on the merits or on summary judgment motions, bars all future attempts to litigate claims that were, or could have been, asserted in the earlier action. <u>See</u>, <u>e.g.</u>, <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201 (9th Cir. 1982). Multiple final judgments have been entered against plaintiff in her dispute with Kansas State University and more than one court has told her that future attempts to hold defendants liable for her 1986 withdrawal from the University are barred by the doctrine of *res judicata*.

Plaintiff has provided no argument or evidence that would prevent the dismissal of this cause of action on both *res judicata* and statute of limitations grounds. Nor has plaintiff justified her seemingly willful failure to conform her conduct to the findings and determinations of the reviewing courts. While perseverance is often counted as a virtue, it must be tempered by

ORDER OF DISMISSAL – 2

reason and experience: having been repeatedly told that all claims arising out of her withdrawal from Kansas State University are barred, plaintiff's continued efforts to hold defendants liable are harassing and cannot continue. The Court is persuaded, however, that a bar order alone will suffice to protect the interests of the judiciary and defendants without the need to impose monetary sanctions.

For all of the reasons stated in this Court's Order to Show Cause and after considering plaintiff's response thereto, it is hereby ORDERED that:

(1)  The above-captioned matter is DISMISSED with prejudice;

(2)  Any *pro se* complaint submitted for filing in this district in which Colleen Nutter is a named plaintiff or purports to act as party representative shall be subject to review by the Court prior to issuance of summons or service of process. The following review provisions shall apply, except in cases where Ms. Nutter is represented by an attorney licensed to practice law in this district:

- The Court will review the complaint to determine whether good cause exists to permit the action to proceed in light of the claims raised therein and Ms. Nutter's past litigation abuses. The complaint shall be accompanied by a signed statement setting forth (a) the factual and legal base for each claim asserted in the complaint, (b) whether said claims were raised in any prior action (with an appropriate citation), and (c) an explanation of why each claim is not barred by the doctrine of *res judicata* and/or the applicable statute of limitations.

- If the court determines that good cause has not been shown, the action will be dismissed *sua sponte* without further notice. If the court also determines that sanctions are appropriate, those shall be imposed at the same time the action is dismissed. Ms. Nutter shall have an opportunity to explain why sanctions should not be imposed in a post-judgment motion for reconsideration filed within **ten (10)** days of the judgment.

ORDER OF DISMISSAL – 3

1  DATED this 4th day of January, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL – 4